UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------)
JAMIE MITCHEL KOSSE,                                    )
                                                        )
                        Plaintiff,                      )  Civ. Action No. _____
                                                        )
            against                                     )  Jury Trial Requested
                                                        )
UNIVERSAL MUSIC GROUP and                               )
KIESA RAE ELLESTAD,                                     )
                                                        )
                        Defendants.                     )
------------------------------------------------------------------------)

### COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Jamie Mitchel KOSSE, by his attorneys, BahnMulter LLP, for his complaint against Kiesa Rae Ellestad ("Kiesza") and Universal Music Group ("UMG") (collectively "Defendants"), alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 et seq. and false endorsement under the Lanham Act, 15 U.S.C. § 1125(a), N.Y. Bus. Law 350 and New York common law.

2. This Court has jurisdiction under 17 U.S.C. §101 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over the Defendants and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) in that the Defendants conduct business in this District and the acts of infringement complained of occurred in this District.

1

PARTIES

4. Plaintiff Jamie Mitchel Kosse is an individual residing in Brooklyn, New York.

5. Plaintiff is informed and believes that Defendant Kiesza is an individual who resides in Canada but regularly conducts business in the United States, including New York.

6. Plaintiff is informed and believes that Defendant UMG is a corporation duly organized under the laws of the State of Delaware with a principal place of business at 2220 Colorado Avenue, Santa Monica, California 90404 and offices in New York located at 1755 Broadway, New York, New York 10019.

FACTUAL BACKGROUND

7. Plaintiff is a Brooklyn resident and an artist. He creates "street art" that can be found throughout New York City. His vibrant, colorful work has become iconic -- an integral part of the visual fabric of New York City, particularly Williamsburg Brooklyn. Plaintiff's work has been licensed for use by NBC, CBS, Paramount Pictures, Universal Studios among others, and it appeared in the films *The Dictator* and *A Gifted Man*. Perhaps most famous of all is the block long "mural" comprised of five of Plaintiffs original works (Frogs, Elephant, Alphabet Demons, Adam, and Graffitti HEFS) which was located on 12th Street at Kent Avenue (hereinafter the "Works") in Williamsburg and was created by Plaintiff with express permission from the manager of the property.

8. In or around April or May of 2014, Plaintiff learned that that his Works were featured prominently in Kiesza's break out music video "Hideaway." The use of the

Works appears to have been intentional because they are emblematic of the urban gritty cool image that Kiesza projects in the "Hideaway" video and in her subsequent music videos. Kiesza and Universal Music Group, itself and/or through its labels Island Records and LoKal Legend, have used the Works extensively to promote Kiesza's single "Hideaway", as a back drop for the promotion of the launch of her album "Sound of a Woman" and to promote her public performances. The Works confer upon her important credibility on the "street" -- a market she is clearly targeting with this video and with her efforts to incorporate graffiti art into her videos and performances. In fact, Kiesza has publicly stated that "I went location scouting and we ended up finding this street we liked that captured graffiti art and the New York skyline. And then I called my brother and said, 'can you please film this for us?'"

9. Plaintiff is informed and believes that "Hideaway" was Kiesza's break through video, making her famous throughout the world. As of the filing of this litigation the "official" Hideaway video had received more than 266,230,085 views on YouTube. It can also be found on numerous sites throughout the Internet. The "Hideaway" video won the 2014 Juno Award for Video of the Year and was nominated to the MTV Video Music Award for Best Choreography and the MTV Europe Award for Best Video. According to news reports, the "Hideaway" sound recording sold more than 2 million copies. According to at least one published report: "Much of the track's success is owed to its simplistic single-shot video which sees Kiesza prancing and dancing along the Brooklyn sidewalks."

10. This commercial use of the Plaintiff's Works by Defendants was never authorized by Plaintiff. It creates the false impression that Plaintiff endorses Kiesza,

3

which he does not, and that he authorized the usage of his highly distinctive Works to promote the launch of Kiesza's career.

11. Soon after learning of the infringement, Plaintiff, through counsel, reached out to Kiesza's agent. To date, neither Kiesza nor her representatives have done anything to address the infringement or mitigate damages. On May 11, 2015, Plaintiff, again through counsel, sent letters to Defendants demanding that they immediately cease and desist any and all unauthorized use of Plaintiff's artwork and demanding compensation for the infringing use of the Works in "Hideaway". Settlement discussion followed, but to date the parties have been unable to resolve the matter. The infringing "Hideaway" video continues to be used extensively to advertise Kiesza's recordings and performances, including her performance last summer at Governor's Ball in New York City and Plaintiff's Works continue to be used without permission or compensation.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

12. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

13. Plaintiff is and at all relevant times has been the owner of the exclusive rights under United States Copyright Act of the five copyrighted Works identified in Exhibit A, which are the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

14. Among the exclusive rights granted to Plaintiff under the Copyright Act is the exclusive right to reproduce and license others to reproduce all or portions of the Works and use those reproductions in commercial advertising.

15.  Defendant Kiesza, without the permission or consent of Plaintiff, made or caused to be made reproductions of all or significant portions of all five Works and used them in the "Hideaway" music video.  Screen shots of examples of the infringing uses are attached hereto as Exhibit B.  The infringing video has received hundreds of millions of page views on YouTube and other Internet websites and has been used extensively by Defendants to promote Kiesza's music recordings and performances.  Defendants' actions constitute infringement of Plaintiff's exclusive rights under the Copyright Act.

16.  Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, with disregard and indifference to the rights of Plaintiff.

17.  As a result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

18.  Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in money.  Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 17 U.S.C. §§ 502 and 503 prohibiting Defendant from further infringing Plaintiffs' copyrights and ordering Defendant to destroy all copies of advertising materials made in violation of Plaintiff's exclusive copyrights.

## COUNT II

## FALSE ENDORSEMENT

19.  Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

20. By using Plaintiff's Works in the "Hideaway" video, including his distinctive "tags" "HEFS" and "JHES", which function as trademarks, Defendants, individually and/or jointly, have created a false endorsement of Kiesza by implying, falsely, that Plaintiff authorized the use of his Work in the video, when he did not.

21. Defendants' conduct is misleading in a material respect and constitutes false association, trademark infringement and unfair competition as defined in the Lanham Act and false advertising under N.Y. Bus. Law 350 and unlawful deceptive business practices under New York State common law.

22. Plaintiff is informed and believes that the foregoing acts have been willful and intentional, with disregard and indifference to the rights of Plaintiff.

23. Defendants' conduct has caused Plaintiff to suffer loss in an amount equal to the full extent of recoverable damages permitted under the Lanham Act, N.Y. Bus. Law 350 and New York State common law, including, without limitation, treble damages, attorneys' fees, costs and interest.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For an injunction providing: "defendant is hereby enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the Works and other artwork, whether now in existence or later created, that is owned or controlled by Plaintiff (collectively "Plaintiff's Artwork") except pursuant to a lawful license or with the express permission and authority of Plaintiff. Defendant shall also destroy all copies, in any and all media in which they exist, of Plaintiff's Artwork in Defendant's possession, custody or control, including, without limitation, all existing copies of the Hideaway video and make all reasonable efforts to remove it from the Internet.

6

2. For damages for each infringement of each of Plaintiff's Artwork pursuant to 17 U.S.C. § 504.

3. For damages for false endorsement and false advertising under the Lanham Act, N.Y. Bus. Law 350 and New York common law.

3. For Plaintiff's costs in this action.

4. For Plaintiff's reasonable attorneys' fees.

5. For such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             January 12, 2016

> BAHNMULTER, LLP
>
> /s/Katherine J. Daniels
> _____
> Katherine J. Daniels, Esq.
> *Of Counsel*
> 555 Fifth Avenue, FL 14
> New York, New York 10017
> 212-447-4700
> 212-986-5316
> kdaniels@bmgllp.com
>
> Stacey Richman
> Law Office of Stacey Richman
> Of Counsel