UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMIE MITCHEL KOSSE<br><br>       Plaintiff<br><br>-against-<br><br>UNIVERSAL MUSIC GROUP and KIESA RAE ELLESTAD,<br><br>       Defendants. | Civil Action No. 16-cv-00160(FB)(PK) |
| KIESA RAE ELLESTAD,<br><br>       Third-Party Plaintiff<br><br>-against-<br><br>RAMI S. AFUNI and LOKAL LEGEND,<br><br>       Third-Party Defendants | **THIRD-PARTY COMPLAINT** |

Defendant / Third-Party Plaintiff Kiesa Rae Ellestad, professionally known by her stage name, Kiesza ("Kiesza"), hereby states the following for her Third-Party Complaint against Rami S. Afuni and Lokal Legend (together "Third-Party Defendants" or "Afuni"):

## NATURE OF THE ACTION

1. This Third-Party Complaint is related to allegations by Plaintiff Jamie Mitchel Kosse ("Kosse") that his outdoor spray-paint mural was depicted without permission in the music video for Kiesza's song, Hideaway.

2. Kiesza brings this an action against Afuni, the producer of the music video at issue, on the grounds that he is contractually obligated to indemnify Kiesza for the costs and attorneys' fees she has incurred and continues to incur in defending against Kosse's claims. Additionally, if Kosse's allegations are true, Afuni breached his contractual obligation to obtain

1

the clearances necessary for the commercial exploitation of the music video. Kiesza therefore seeks recovery of her damages attributable to such breach and a judgment that Afuni will be liable to Kiesza for any recovery Kosse obtains (if any) against Kiesza.

## PARTIES

3.  Third-Party Plaintiff Kiesa Rae Ellestad is Canadian citizen who resides in Calgary, Alberta, Canada.

4.  Upon information and belief, Third-Party Defendant Rami S. Afuni is a music and video producer who resides in New York, New York; Afuni is believed to be the owner or operator of Lokal Legend.

5.  Upon information and belief, Third-Party Defendant Lokal Legend is a music and video production company with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over the subject matter of Kiesza's Third-Party claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction), because the claims form part of the same case or controversy brought by Plaintiff Kosse against Kiesza, and such underlying claims are within this Court's original jurisdiction under 28 U.S.C. § 1331 (federal question).

7.  This Court has personal jurisdiction over Third-Party Defendants and venue is proper pursuant to 28 U.S.C. § 1391(b) on the grounds that (i) Third-Party Defendants have consented to jurisdiction before this Court through a valid forum selection clause; (ii) Third Party Defendants reside and regularly transact business in New York State; and (iii) a substantial part of the events giving rise to this claim, including the filming of the music video at issue, occurred within this District.

## STATEMENT OF FACTS

A.  **"Hideaway" and the Video**

8.  Kiesza is an award-winning singer, songwriter, multi-instrumentalist, dancer and entertainer who has been actively performing since 2006. This case involves her break-out hit, "Hideaway," which was produced by Afuni.

2

9. In July 2013, Afuni produced a music video for Hideaway in Brooklyn, New York (the "Video"). The Video is notable for its use of a single, continuous shot to tell the story of a romantic rendezvous between a woman and a man on the streets of Brooklyn: it begins with Kiesza climbing out of a yellow taxi cab, after which she dances down the street with a group of other dancers. The group moves through a raw neighborhood, featuring graffiti-covered fences and buildings, construction cranes, and other industrial equipment; this scene is contrasted by expansive views of the New York City skyline visible in the background. Kiesza eventually meets a male dancer; the two dance on the street before she leaves in another yellow taxi.

10. While Kiesza and her music are featured in the Video, the Video itself was produced and created at Afuni's direction.

**B.   Afuni Agrees to Indemnify Kiesza for Claims Relating to the Video**

11. On or about October 15, 2013, Kiesza entered into an exclusive recording agreement with the Island Def Jam Music Group, a division of UMG Recordings, Inc. ("UMG"), which covered the production and distribution several of Kiesza's musical compositions, including Hideaway.

12. On or about October 15, 2013, UMG and Afuni entered into an agreement under which Afuni agreed, among other things, to deliver music videos for certain of Kiesza's musical compositions, including the Video (the "Production Agreement"). A copy of the Production Agreement is attached hereto as Exhibit A. Specifically, Afuni agreed to "deliver to UMG the music video for the master recording titled 'Hideaway' together with all clearances required or UMG's full exploitation of such video . . . ." *See* Ex. A at 1. Such clearances include, *inter alia*, appropriate licenses for creative works or trademarks incorporated into the Video.

13. The Production Agreement states that UMG and Kiesza had entered into a separate exclusive recording agreement, and contains a provision that obligates Afuni to indemnify and defend UMG and its contractors — which explicitly includes Kiesza — from any claim arising out of a breach by Afuni of the Production Agreement. *See id.* at 1, 4. Kiesza is a signatory to the Production Agreement.

3

14. Hideaway was released in or about February 2014 as part of Kiesza's debut album "Sound of a Woman." Upon information and belief, the Video was published on Lokal Legend's YouTube channel around the same time. Both works garnered critical praise and public attention. The song and Video won Canadian Juno Awards for best single of the year and best video of the year, respectively.

C. **Plaintiff Alleges Copyright and Trademark Infringement Based on the Video**

15. Kosse claims to be the creator and copyright owner of a certain spray-painted outdoor mural located on the streets of Williamsburg, Brooklyn (the "Mural"). Kosse further claims that certain portions of the Mural constitute trademarks associated with his artwork.

16. In or around May 2015, well over a year after the Video was published, Kosse sent a letter to Kiesza and UMG, which claimed that the Mural appeared in the background of the Video without his authorization. Kosse alleged that the Video therefore infringed his copyright and trademark interests in the Mural.

17. In the months following receipt of Kosse's letter, representatives for Kiesza, UMG and Afuni negotiated with Kosse in an ultimately unsuccessful attempt to resolve his claims.

18. On January 12, 2016, Kosse filed the above-captioned lawsuit alleging copyright and trademark infringement based on the depiction of the Mural in the Video (the "Lawsuit"). A copy of Kosse's complaint filed in the Lawsuit is attached hereto as Exhibit B.

19. On January 20, 2016, Kiesza's counsel sent Afuni formal written notice of the Lawsuit. This notice advised Afuni that Kosse's allegations, if true, would constitute a breach of Afuni's obligations under the Production Agreement and would trigger his obligation to indemnify Kiesza.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

20. Kiesza incorporates by reference the allegations set forth in Paragraphs 1–19 as if fully set forth herein.

21. The Production Agreement constitutes a valid, binding agreement between Afuni, UMG and Kiesza. In the alternative, Kiesza is a third-party beneficiary of the binding agreement between Afuni and UMG.

22. Under Section 2(c) of the Production Agreement, Afuni promised to "deliver to UMG the music video for the master recording titled 'Hideaway' together with *all clearances required for UMG's full exploitation of such video . . . .*" Ex. A at 1 (emphasis added).

23. Kiesza fully complied with her obligations to Afuni under the Production Agreement. In the alternative, Kiesza complied with her obligations to UMG under the parties' exclusive recording agreement such that she is a third-party beneficiary of UMG under the Production Agreement.

24. Kiesza relied on Afuni's experience and expertise, including but not limited to, in connection with the creation and delivery of the Video with all necessary clearances required for its commercial exploitation.

25. If Plaintiff Kosse's allegations are true, then Afuni breached his contractual obligations to Kiesza.

26. Kiesza has been, and continues to be, harmed by Afuni's conduct including, but not limited to, by incurring costs, expenses and attorneys' fees in defending against the Lawsuit.

27. If Kiesza is found liable to Kosse, which liability Kiesza expressly denies, then Afuni is liable to Kiesza for all damages and harm caused by Afuni's breach of the Production Agreement.

## SECOND CLAIM FOR RELIEF
**(Indemnity)**

28. Kiesza incorporates by reference the allegations set forth in Paragraphs 1–27 as if fully set forth herein.

29. Kosse's complaint in the Lawsuit alleges that the Video infringes his copyright and trademark interests in the Mural because it depicts the Mural without his authorization.

30. In response to the Lawsuit, Kiesza served an Answer that largely denies the allegations contained in Kosse's complaint. A copy of the answer is attached hereto as Exhibit C.

31. The Production Agreement constitutes a valid, binding agreement under which Afuni agreed to "indemnify, save, defend and hold UMG, [and] its . . . contractors . . . harmless of and from any and all liability, loss, damage, cost or expense (including reasonable outside attorneys' fees) arising out of, or connected with, any claim by a third party resulting from a breach by [Afuni] of this agreement or any of the warranties or representations made by [Afuni] in this agreement . . . ." *See* Ex. A at 4.

32. By virtue of Kiesza's exclusive recording agreement with UMG, Kiesza is a contractor of UMG within the meaning of Section 7(c) of the Production Agreement. Kiesza has complied with her obligations under Section 7(c) of the Production Agreement, including by giving Afuni prompt notice of the Lawsuit.

33. Under Section 2(c) of the Production Agreement, Afuni promised to "deliver to UMG the music video for the master recording titled 'Hideaway' together with *all clearances required for UMG's full exploitation of such video* . . . ." Ex. A at 1 (emphasis added). If Plaintiff Kosse's allegations are true, then Afuni breached his contractual obligations to Kiesza.

34. In the alternative, separate and apart from the Production Agreement, Kiesza relied on Afuni's experience and expertise, including but not limited to, in connection with the creation and delivery of the Video with all necessary clearances required for its commercial exploitation. Afuni was aware of Kiesza's reliance and affirmatively took on the duty to obtain such clearances. If Plaintiff Kosse's allegations are true, then Afuni was negligent in carrying out that duty; if Kiesza is compelled to pay damages to Kosse because of Afuni's negligence, then Afuni is liable to indemnify her for the full amount of such damages.

35. Kiesza has incurred, and continues to incur, costs, expenses, and attorney's fees in defending against the Lawsuit, and is subject to potential liability for claims asserted by Kosse.

36. By reason of the foregoing, Kiesza seeks a judgment that Afuni is liable to Kiesza for all costs, expenses and attorney's fees and legal expenses of any kind incurred by Kiesza in the defense of the Lawsuit, as well as for the full amount of any recovery obtained in the Lawsuit by Kosse against Kiesza, if any.

## PRAYER FOR RELIEF

WHEREFORE, Kiesza demands that:

(a) As a result of Afuni's breaches of the Production Agreement, this Court enter an award in favor of Kiesza and against Afuni of damages in an amount to be determined at trial, along with interests and costs; and

(b) This Court enter an award in favor of Kiesza and against Afuni of damages commensurate with all of Kiesza's costs, expenses, and attorney's fees incurred in defending against the Lawsuit, as well as any recovery obtained in the Lawsuit by Kosse against Kiesza; and

(c) This Court enter an award in favor of Kiesza and against Afuni of damages commensurate with all of Kiesza's costs, expenses, and attorney's fees incurred in bringing the foregoing claims against Afuni; and

(d) This Court grant Kiesza such other and further relief as may be deemed just and equitable.

Dated: September 15, 2016  
New York, New York

**FRANKFURT KURNIT KLEIN & SELZ, P.C.**

By:    */s/ Craig B. Whitney*
      Craig B. Whitney  
Brian E. Maas  
Andrew J. Ungberg  
488 Madison Avenue, 10th Floor  
New York, New York 10022  
Tel: (212) 980-0120  
Fax: (212) 593-9175  
cwhitney@fkks.com  
bmaas@fkks.com  
aungberg@fkks.com

*Attorneys for Defendant Kiesa Rae Ellestad*

7